UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SUSAN L. WILCOX,  CIVIL NO. 04-3866 (ADM/JSM)

    Plaintiff,

v.  REPORT AND RECOMMENDATION

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

    JANIE S. MAYERON, U.S. Magistrate Judge

    The above matter is before the undersigned United States Magistrate Judge on defendant's Motion to Dismiss [Docket No. 5]. This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).

    For the reasons discussed below, it is recommended that defendant's Motion to Dismiss [Docket No. 5] be **GRANTED**.

## I. PROCEDURAL BACKGROUND

    On September 24, 2003, an Administrative Law Judge (ALJ) denied all benefits under Title II to plaintiff. Baskerville Decl. ¶ 3(a); Ex. 1. Plaintiff filed a Request for Review of the ALJ's decision. On May 14, 2004, the Social Security Appeals Council denied plaintiff's request and sent, by mail addressed to plaintiff at 4580 Otterlake Road, White Bear Lake, MN 55110, with a copy to plaintiff's representative, a notice of the Appeals Council's action on plaintiff's request for review and of the right to commence a civil action within sixty (60) days from the

date of receipt.  Baskerville Decl. ¶ 3(a); Ex. 2.  Plaintiff did not file a request for extension of time to file a civil action.  Baskerville Decl. ¶ 3(b).  The Appeals Council's denial of plaintiff's request for review of the ALJ's decision denying benefits to plaintiff made the ALJ's findings the final decision of defendant.  See 42 U.S.C. § 405(g).

On August 20, 2004, plaintiff filed her Complaint seeking to appeal the ALJ's decision to deny benefits.  [Docket No. 1].  The matter is now before the Court on defendant's Motion to Dismiss due to plaintiff untimely filing her Complaint in this Court.  Plaintiff has not responded to defendant's Motion to Dismiss.

## II. DISCUSSION

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), states in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g).

The date of receipt of notice by plaintiff of the Commissioner's final decision is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council.  20 C.F.R. §§ 404.901, 416.1401, and 422.210(c).

Here, defendant asserts that the notice of defendant's final decision was mailed on May 14, 2004.  The presumptive date of receipt would then be May 19,

2004. However, plaintiff asserted in her Complaint that she and her representative received the Notice of Appeals Council Action on June 2, 2004. Compl. ¶ 3. Even assuming that plaintiff received the Notice of Appeals Council Action on June 2, 2004, plaintiff's Complaint was not timely filed. Plaintiff should have filed her Complaint with this Court on or before July 18, 2004, under defendant's version of the facts, or no later than August 1, 2004, under plaintiff's presentation of the facts. Plaintiff filed her Complaint on August 19, 2004—too late under either scenario. Therefore, this Court recommends that defendant's Motion to Dismiss be granted.

### III. RECOMMENDATION

For the reasons set forth above and based on all the files and records herein, IT IS RECOMMENDED that defendant's Motion to Dismiss [Docket No. 5] be **GRANTED**.

Dated:    April 22, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 12, 2005** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.